# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA McMASTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. E. SPEARMAN, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:10-cv-01407-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION BY DISTRICT JUDGE AND DENYING MOTION FOR RECONSIDERATION OF DISMISSAL OF DEFENDANT CATE<br><br>(Doc. 16) |

Plaintiff Dana McMaster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010.  On October 5, 2012, Plaintiff filed a motion seeking reconsideration by a district judge of the undersigned's screening order dismissing Defendant Cate from this action.

Plaintiff consented to Magistrate Judge jurisdiction on October 12, 2010, and therefore, he is not entitled to seek reconsideration of the screening order by a district judge.  Appendix A(k)(4) of the Local Rules of the Eastern District of California.

Regarding Plaintiff's motion for reconsideration on the merits, Plaintiff contends that he named Defendant Cate as a "nominal defendant" for the sole purpose of seeking prospective injunctive relief.  Plaintiff does not dispute the determination that his amended complaint set forth no facts demonstrating that Defendant Cate was involved in violating his constitutional rights.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted).  The

1  moving party must demonstrate both injury and circumstances beyond his control.  Id. (quotation
2  marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show
3  "what new or different facts or circumstances are claimed to exist which did not exist or were not
4  shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or
5  circumstances were not shown at the time of the prior motion."

6        Plaintiff is not entitled to injunctive relief in this action.  This action, by virtue of the fact that
7  it involves past events, is limited to damages, and the Court's screening order articulated as much.
8  E.g., Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); Lujan v.
9  Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); City of Los Angeles v. Lyons,
10 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); American Civil Liberties Union of Nevada v. Masto,
11 670 F.3d 1046, 1061-62 (9th Cir. 2012); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.
12 2010).  Because Plaintiff does not have standing to seek injunctive relief in this action, there is no
13 support for his argument that Defendant Cate should remain as defendant, other deficiencies in his
14 argument notwithstanding.[1]

15       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration
16 by a district judge is DENIED and Plaintiff's motion for reconsideration, considered on its merits,
17 is DENIED.

21 IT IS SO ORDERED.

22 **Dated:   October 9, 2012**                    /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] While state officials may be sued in their official capacities for prospective relief, which appears to be Plaintiff's contention, Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010), section 1983 nonetheless requires the presentation of a basis for liability and here there is none, Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).  Had the Court determined that Plaintiff pled a viable claim based on an unconstitutional policy or practice attributable to Defendant Cate, he would have remained a party to the suit.  Starr, 652 F.3d at 1205-08; Clement, 298 F.3d at 905.  The Court specifically addressed this issue in section II(B)(2) of its screening order, finding that no unconstitutional policy attributable to Defendant Cate was pled.