# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER,<br><br>       Plaintiff,<br><br>    v.<br><br>M. E. SPEARMAN, et al.,<br><br>       Defendants.<br>_____/ | Case No. 1:10-cv-01407-AWI-SKO PC<br><br>ORDER DISREGARDING DUPLICATIVE MOTIONS<br><br>(Doc. 41, 46, 49, 50, 52, 53)<br><br>ORDER STRIKING UNSIGNED MOTION<br><br>(Doc. 42)<br><br>ORDER DENYING MOTIONS FOR ORDER COMPELLING DISCLOSURE BY PVSP AND DEFENSE COUNSEL, GRANTING FIRST MOTION TO COMPEL, GRANTING MOTION FOR EXTENSION OF DISCOVERY DEADLINE, REQUIRING PARTIES TO MEET AND CONFER REGARDING PLAINTIFF'S SECOND MOTION TO COMPEL, AND DENYING MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM AS PREMATURE<br><br>(Doc. 33, 43, 44, 47, 48, 58) |

## I. Background

Plaintiff Dana McMaster ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010. This action is proceeding on Plaintiff's second amended complaint, filed on January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia, and John Doe 1 for failing to protect him, in

violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment.  The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison ("PVSP") in Coalinga, California.

Pursuant to the scheduling order filed on December 20, 2012, the deadline for the completion of all discovery was August 20, 2013.  (Doc. 19.)  Pending before the Court are Plaintiff's motions "for disclosure," for an extension of the discovery deadline, for the issuance of subpoenas duces tecum, and to compel.  With respect to each form of relief sought, Plaintiff filed duplicative motions, leading to confusion of the record and requiring the Court to expend additional time determining which disputes require resolution and which are duplicative in nature.

Plaintiff is placed on notice that it is an abuse of process to file duplicative motions.  If Plaintiff needs to amend or supplement a pending motion, he must file a motion seeking leave to do so and his proposed amendment or supplement must clearly identify the addition, deletion, or other change.  To repetitively seek the same form of relief unnecessarily and unjustifiably taxes the Court's resources.

**II.     Plaintiff's Pending Motions**

      **A.     Motions for Disclosure**

           **1.     Filings of May 16, 2013, and June 24, 2013**

On May 16, 2013, Plaintiff filed a motion seeking a court order compelling PVSP's human resources department to release the full name and current home or work address for John Doe 1, who was the officer who escorted inmate T. Smedley to cell 214 in Facility C, Building 5, on March 18, 2009, between 7:00 and 8:00 p.m.  (Doc. 33.)  Defendants Carlson, Garcia, Sedwick, Espitia ("Defendants") filed an opposition to the motion on June 4, 2013.  (Doc. 36.)  On June 24, 2013, Plaintiff filed a second motion seeking identical relief.  (Doc. 41.)  The only difference between the two filings is the inclusion of Plaintiff's declaration expressing his belief that the Court did not receive his first motion.  (*Id.*, pp. 14-15.)  Plaintiff's second, duplicative motion is disregarded.

Plaintiff may seek document production from third parties via a subpoena issued under Rule 45, discussed in section E, and depending on the response, a motion to compel may be an available form of relief. Fed. R. Civ. P. 45. However, Plaintiff's is not legally entitled, at this juncture, to an order compelling PVSP to disclose information and his motion for that form of relief is denied.

### 2. Filings of August 19, 2013, and August 23, 2013

On August 19, 2013, and August 23, 2013, Plaintiff filed duplicative motions seeking an order compelling disclosure of the full name and current home or work address for John Doe 1, who was the officer who escorted inmate T. Smedley to cell 214 in Facility C, Building 5, on March 18, 2009, between 7:00 and 8:00 p.m. (Docs. 48, 50.) The only difference between the two motions is that the first motion includes an incomplete, unsigned page from Plaintiff's declaration setting forth his belief that the Court did not receive his previously-filed motion for disclosure, addressed above. The declaration page is not relevant to the resolution of Plaintiff's motion and Plaintiff's second, duplicative motion shall be disregarded.

Defendants filed an opposition on September 5, 2013. (Doc. 55.)

The only difference between Plaintiff's August 19, 2013, motion and his May 16, 2013, motion is that in addition to PVSP's Human Resources Department, Plaintiff requests that the Court compel Defendants and their counsel to disclose this information.

Plaintiff is not entitled to an order compelling non-party PVSP or the non-party Deputy Attorney General assigned to this case to disclose information, as discussed in the previous subsection. Given that Plaintiff filed a timely motion to compel Defendants to serve a further response to his relevant discovery requests, the Court will address that motion on its merits in the next subsection, but Plaintiff is not legally entitled to any separate order compelling disclosure by PVSP or counsel and his motion is denied.

### B. First Motion to Compel, Filed August 16, 2013

#### 1. Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his past conditions of confinement at PVSP. As a result of Plaintiff's incarceration, the parties were relieved of some of

3

the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 19, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith and callous disregard of discovery responsibilities cannot be condoned. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the

action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the parties were relieved of the meet and confer requirement and the requirement that they file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251. As a result, Plaintiff bears an initial procedural burden in moving to compel; the Court is disinclined to sift through the parties' discovery requests and responses in an effort to determine what is in dispute and why it is in dispute. Fed. R. Civ. P. 7(b)(1). Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit). *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). However, the Court is vested with broad discretion to manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation and to the extent possible, the Court endeavors to resolve his motion to compel on its merits, *e.g.*, *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

**2.    Summary**

On August 16, 2013, Plaintiff filed a timely motion to compel Defendant Sedwick to respond to interrogatories ("ROGs") 5 and 6, Defendant Garcia to respond to ROGs 6 and 7; and Defendant Garcia to respond to document production requests ("PODs") 1 and 7. (Doc. 47.) Plaintiff filed an identical motion on August 29, 2013, which shall be disregarded. (Doc. 52.)

5

Defendants filed an opposition on September 4, 2013, and Plaintiff filed a reply on September 19, 2013. (Docs. 54, 56.)

### 3. Legal Standards

#### a. Interrogatories

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

#### b. Document Production Requests

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.

### 4. Sedwick ROG 5 and Garcia ROG 6

**Sedwick ROG 5:** "Please state the name, affiliation, and title of the officer who was charged with escorting inmate T. Smedley, CDCR No. G-34976, to Charlie Facilities [sic] Building 5, cell number 214, at Pleasant Valley State Prison, on March 18, 2009, at approximately 7:30 p.m." (Doc. 47, Motion, 17:18-21.)

**Response:** "After a reasonable inquiry, Responding Party does not know." (*Id.*, 17:22-23.)

**Garcia ROG 6:** "Please state the name, affiliation, and title of the officer who was charged with escorting inmate T. Smedley, CDCR No. G-34976 to Charlie Facilities [sic] Building 5, cell number 214, at Pleasant Valley State Prison." (*Id.*, 23:16-19.)

**Response:** "After a reasonable inquiry, Responding Party does not know." (*Id.*, 23:20-21.)

**Ruling:** Plaintiff is attempting to obtain information regarding the identity of Defendant John Doe 1. The information is relevant and discoverable, and Defendants do not argue otherwise. Fed. R. Civ. P. 26(b)(1). Defendants contend, however, that they cannot be expected to remember the identity of the officer conducting an escort on a specific date more than four years ago and that they responded to the best of their ability. (Doc. 54, Opp., 2:19-23 & 3:15-18.)

Defendants are required to make a reasonable inquiry; they may not rely merely on their memory of events. *Gorrell*, 292 F.R.D. at 632; *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2.

7

Although Defendants stated they made a reasonable inquiry in their discovery responses, given the possible existence of documentary evidence regarding the cell assignment, identified by Defendant Sedwick as a CDC 154 in response to ROG 4, and their unpersuasive argument in opposition to Plaintiff's motion to compel leave, the Court lacks the requisite assurance that Defendants in fact made a reasonable inquiry.  Defendants are ordered to serve supplemental responses to ROGs 5 and 6.  The supplemental responses must be sufficient to demonstrate that a reasonable inquiry was made, given Plaintiff's contention that a document containing this information exists.  *E.g.*, *Anderson v. Hansen*, No. 1:09-cv-01924, 2012 WL 4049979, at *4 (E.D. Cal. Sep. 13, 2012); *Gorrell*, 292 F.R.D. at 632;

### 5. Sedwick ROG 6 and Garcia ROG 7

**Sedwick ROG 6:** "Please list and identify each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1) that evidences, mentions, or refers to any of the facts set forth in Plaintiff Dana McMasters [sic] Complaint from March 7, 2009, to April 20, 2009."  (Doc. 47, Motion, 17:24-27.)

**Response:** "Responding party is not aware of any documents."  (*Id.*, 18:1-2.)

**Garcia ROG 7:** "Please list and identify each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1) that evidences, mentions, or refers to any of the facts set forth in Plaintiff Dana McMaster's Complaint from March 7, 2009, to April 20, 2009."  (*Id.*, 23:22-25.)

**Response:** "Plaintiff's movement history; a CDC 114-D signed by Lieutenant Ybarra on 3/25/09; CDC 602-HC PVSP-27-09-12584, and the responses to it; a CDC 7219 for Plaintiff dated 3/18/09; a CDC 7219 for inmate Smedley (T-34976) dated 3/18/09; CDC 602 PVSP-C-09-00668, and the responses to it; a CDC 128B signed by Defendant Carlson on 3/26/09; a notice of unusual occurrence signed by Lieutenant Contreras on 3/18/09 with log or tracking number 3-03-09-0521; CDC 7362s submitted by Plaintiff on 3/29/09 and 4/17/09; an outpatient interdisciplinary progress note written by Dr. Rohrdanz on 4/21/09; and a compatibility chrono signed by Plaintiff and Smedley on 3/18/09."  (*Id.*, 23:26-24:6.)

**Ruling:** Turning first to Sedwick ROG 6, Plaintiff argues that Sedwick's response is evasive and untruthful.  In support of his motion, Plaintiff cites to Sedwick's response to

8

interrogatory 4, in which she states that on March 18, 2009, an officer gave her paperwork for inmate Smedley's cell assignment, identified in the response as a CDC 154 form; and he submits a page from a log book signed by Sedwick. (Motion, 17:11-17; Reply, p. 14.) In response, Defendants argue that assuming the document concerns facts set forth in Plaintiff's complaint, Plaintiff is not prejudiced because he was made aware of the document in Sedwick's response to interrogatory 4. (Doc. 54, Opp., 3:1-7.)

Defendant Sedwick's response to this interrogatory is inadequate, and Defendants' argument that Plaintiff was not prejudiced by the omission is indefensible. Defendant Sedwick's response appears to be incomplete and/or evasive and she is ordered to serve a supplemental response.

With respect to Defendant Garcia, Plaintiff contends that Garcia did not list the Daily Activity Reports for the Charlie Facility Program Office, dated March 7, 2009, and March 23, 2009; the CDC 154 cell assignment slips for Plaintiff and inmate Smedley for March 2009; or the five log books for Charlie Facility from March 7, 2009, to March 23, 2009.

In light of Plaintiff's contention that additional documents exist which were not listed by Defendant Garcia, Garcia is ordered to serve a supplemental response to ROG 6. Defendants, as the parties resisting discovery, have the burden of demonstrating discovery should not be allowed and of clarifying, explaining, and supporting their objections. *Gorrell*, 292 F.R.D. at 632-33 (citations and quotation marks omitted). Plaintiff has specifically identified documents he claims exist, and Defendant Garcia's response must adequately address that claim. *E.g.*, *Anderson*, 2012 WL 4049979, at *4.

**Garcia POD 1:** "Any and all documents listed by you in your response to Plaintiff McMasters [sic] Set One Interrogatory Number 7. Including but not limited to the Charlie facility program office, third watch daily activity report, dated March 7, 2009." (Doc. 47, Motion, 27:23-26.)

**Response:** "Attachment 1 includes all documents that Responding Party listed in her response to Plaintiff's Interrogatory 7, set one." (*Id.*, 28:1-3.)

**Garcia POD 7:** "Any and all other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's Complaint." (*Id.*, 29:11-13.)

**Response:** "Attachments 1 and 2 include all responsive documents that Responding Party has in her possession, custody or control." (*Id.*, 29:14-16.

**Ruling:** In light of the Court's order requiring Defendants Sedwick and Garcia to serve supplemental responses to Plaintiff's interrogatories, Defendant Garcia is required to serve supplemental responses to PODs 1 and 7. Defendant Garcia is required to make a reasonable inquiry regarding the existence of responsive documents, Fed. R. Civ. P. 26(g)(1), and Garcia's responses must be sufficiently detailed to allow the Court to determine whether responsive documents and/or a videotape exist or if so, whether Defendant has possession, custody or control them, *e.g.*, *Holt v. Nicholas*, No. 1:09-cv-00800-AWI-SAB (PC), 2014 WL 250340, at *2-3 (E.D. Cal. Jan. 22, 2014); *Arroyo v. Adams*, No. 1:11-cv-01186-AWI-DLB (PC), 2014 WL 109494, at *9-10 (E.D. Cal. Jan. 10, 2014); *Noble v. Gonzalez*, 1:07-cv-01111-LJO-GSA-PC, 2013 WL 4517774, at *5 (E.D. Cal. Aug. 26, 2013). As previously stated, boilerplate objections, including lack of possession, custody, or control, do not suffice. *E.g.*, *Holt*, 2014 WL 250340, at *3; *Arroyo*, 2014 WL 109494, at *6; *Howard v. City of Ridgecrest*, No. 1:12-cv-01232-AWI-JLT, 2013 WL 6491482, at *2 (E.D. Cal. Dec. 10, 2013).

### C.     Motion for Extension of Discovery Deadline

Pursuant to the discovery and scheduling order, the deadline for the completion of all discovery was August 20, 2013. (Doc. 19.) Plaintiff filed three motions seeking an extension of the discovery deadline. (Docs. 42, 44, 49.) Plaintiff's first motion is not signed and it is stricken from the record on that ground. Plaintiff's third motion is duplicative and it is disregarded.

With respect to the second motion, Plaintiff's motion was timely filed and he is seeking only a limited extension of time to complete discovery. Although the parties were not required to meet and confer in good faith in an attempt to resolve their discovery disputes, they were encouraged to do so; and to that end, Plaintiff sent Defendants' counsel a number of letters in an

effort to resolve their discovery disputes -- letters which Plaintiff contends were ignored. (Doc. 19, Order, ¶5; Doc. 44, Motion, McMAster Dec., ¶¶7, 10, 11 & Attach I-III.) (Docs. 37, 39, 62.)

After apparently disregarding Plaintiff's good faith attempts to resolve their discovery disputes without judicial intervention, Defendants now take the position that Plaintiff should not be granted a limited extension of time despite the fact that they benefitted from similar extensions of time.[1]

Given that Plaintiff is incarcerated and proceeding pro se, the Court finds that he has made a sufficient showing of due diligence regarding his pursuit of discovery and there is no discernible prejudice to Defendants. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Therefore, Plaintiff's motion for an extension of the discovery deadline is granted. The extension is limited to (1) resolution of the discovery disputes identified in Plaintiff's motions to compel, and (2) the issuance of subpoenas duces tecum, if necessary, following final resolution of Plaintiff's motions to compel.

### D.  Second Motion to Compel, Filed October 4, 2013

Plaintiff filed a second motion to compel on October 4, 2013, seeking supplemental responses to ROG 6 and PODs 3, 4, 6, 7, and 8 served on Defendant Carlson and ROGs 2, 5, and 6 and PODs 4 and 5 served on Defendant Espitia. Defendants filed an opposition to the motion on the ground of untimeliness.

In light of the Court's order granting Plaintiff's motion for an extension of the discovery deadline, the motion is timely and Defendants are required to oppose the motion on its merits. However, prior to filing an opposition, Defendants are required, within thirty (30) days, to meet and confer with Plaintiff in person or over the telephone in an effort to resolve this dispute without further intervention by the Court. If the parties are unable to reach a resolution, Defendants shall file their opposition to the motion to compel within thirty (30) days thereafter. The opposition must include a statement regarding the efforts made to resolve the discovery dispute and

---

[1] The Court granted Defendant Carlson's and Defendant Espitia's motions for extensions of time to serve discovery responses, and it granted Defendants' motion for an extension of time to file their motion for summary judgment.

identifying which discovery requests remain in dispute. Plaintiff shall have fifteen (15) days thereafter to file a reply.

### E. Motion for Issuance of Subpoenas Duces Tecum

Finally, Plaintiff filed a motion seeking the issuance of subpoenas duces tecum on July 22, 2013. (Doc. 43.) On August 16, 2013, and August 29, 2013, Plaintiff filed duplicative motions, which shall be disregarded. (Docs. 46, 53.)

Plaintiff seeks subpoenas commanding the Warden of PVSP and the Director of the California Department of Corrections and Rehabilitation ("CDCR") to produce documents which are subject to his motions to compel, discussed herein. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34.

In this instance, Plaintiff may ultimately be entitled to issuance of the subpoenas, but the Court will grant his request only after it determines that responsive documents exist and the documents are not in the possession, custody, or control of Defendants, and that determination cannot be made until final resolution of Plaintiff's motions to compel.[2]

Therefore, Plaintiff's motion is denied as premature, without prejudice. If the Court determines that responsive documents or tapes exist but that Defendants lack possession, custody, or control over them, it will, following that determination, address the issuance of subpoenas duces tecum by order.

///

---

[2] Plaintiff received a response to his Public Records Act request stating that certain documents no longer exist. Plaintiff subsequently received a response from the PVSP Litigation Coordinator declining to provide documents to Plaintiff because he could not pay photocopying costs. (Doc. 43, Motion, Attach. I, II.) Documents which no longer exist cannot be produced. The Court anticipates that in complying with the terms of this order, Defendants' counsel will obtain any necessary assistance from Litigation Coordinator or other CDCR staff and provide sufficiently detailed responses to ensure that the Court, Defendants, and/or third parties PVSP and CDCR are not drawn into an exercise in futility over non-existent documents and/or tapes, an exercise which would serve only to needlessly waste resources.

**III.     Conclusion and Order**

For the reasons forth herein, the Court ORDERS as follows:

1. Plaintiff's motion for an order compelling PVSP to disclose information, filed on May 16, 2013, is DENIED, and his duplicative motion seeking the same relief, filed on June 24, 2013, is DISREGARDED;

2. Plaintiff's motion for an order compelling PVSP, Defendants' counsel and Defendants to disclose information, filed on August 19, 2013, is DENIED, and his duplicative motion seeking the same relief, filed on August 23, 2013, is DISREGARDED;

3. Plaintiff's motion to compel, filed on August 16, 2013, is GRANTED, and Defendants shall serve supplemental responses to Sedwick ROGS 5 and 6, Garcia ROGs 6 and 7, and Garcia PODs 1 and 7 within **thirty (30) days** from the date of service of this order;

4. If a dispute arises between the parties regarding Defendants' supplemental responses, they are required to meet and confer in good faith, either in person or by telephone, in an attempt to resolve the dispute without court action, and Defendants' counsel bears the burden of setting up the meeting;[3]

5. If the parties are unable to resolve their disputes, within **thirty (30) days** from the date they met and conferred, each side must file a status report, supported by copies of the supplemental discovery responses, regarding what remains in dispute;

6. Plaintiff's duplicative motion to compel, filed on August 29, 2013, is DISREGARDED;

7. Plaintiff's motion for an extension of the discovery deadline, filed on August 15, 2013, is GRANTED, limited to (1) resolution of the discovery disputes identified in Plaintiff's motions to compel and (2) the issuance of subpoenas duces tecum, if necessary, following final resolution of Plaintiff's motions to compel;

///

---

[3] Given Plaintiff's incarceration, if he is dissatisfied with any responses, he must send Defendants' counsel a letter within **fifteen (15) days** of receipt of the discovery responses. Counsel's receipt of the letter will trigger counsel's obligation duty to arrange for an in-person or a telephonic meeting within **fifteen (15) days** of receipt of Plaintiff's letter.

13

8. Plaintiff's unsigned motion for an extension of the discovery deadline, filed on July 18, 2013, is STRICKEN and Plaintiff's duplicative motion for an extension of the discovery deadline, filed on August 23, 2013, is DISREGARDED;

9. Within **thirty (30) days** from the date of service of this order, Defendants are required to meet and confer with Plaintiff regarding the discovery sought in his second motion to compel, filed on October 4, 2013;

10. If any discovery disputes remain following the parties' conference, Defendants shall file an opposition to Plaintiff's second motion to compel within **thirty (30) days** from the date they met and conferred, and their opposition must include a statement regarding the efforts made to resolve the discovery dispute and identifying which discovery requests remain in dispute;

11. Plaintiff has **fifteen (15) days** from the date of service of Defendants' opposition within which to file a reply;

12. Plaintiff's motion for the issuance of subpoenas duces tecum, filed on July 22, 2013, is DENIED as premature, without prejudice;

13. Plaintiff's duplicative motions for the issuance of subpoenas duces tecum, filed on August 16, 2013, and August 29, 2013, are DISREGARDED; and

14. The absence of timely status reports regarding the first motion to compel and/or the absence of a timely opposition to the second motion to compel will signal resolution of the parties' discovery disputes.[4,5]

IT IS SO ORDERED.

Dated:   **February 5, 2014**             **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] With respect to the first motion to compel, the outer limit for the parties to file status reports is ninety days, depending upon the timing of the conditions precedent. With respect to the second motion to compel, the outer limit for Defendants to file their opposition is sixty days, again depending upon the timing of conditions precedent.

[5] By future order, the Court will set a deadline for Plaintiff to file a response to Defendants' motion for summary judgment.

14