# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. E. SPEARMAN, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-01407-AWI-SKO (PC)<br><br>ORDER REQUIRING DEFENDANTS TO RE-SERVE GA 154 RETENTION SCHEDULE AND FILE IT WITHIN FIFTEEN DAYS<br><br>ORDER ADDRESSING DISCOVERY DISPUTE REGARDING DEFENDANTS' SUPPLEMENTAL RESPONSES AND DENYING PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING FURTHER SUPPLEMENTAL RESPONSES<br><br>(Docs. 47, 67, 74, 75, and 77)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL, DENYING PLAINTIFF'S MOTION TO AMEND FIRST MOTION TO COMPEL, AND STRIKING AMENDED FIRST MOTION TO COMPEL<br><br>(Docs. 58, 70, and 71) |

## I. **Background**

Plaintiff Dana McMaster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010. This action is proceeding on Plaintiff's second amended complaint, filed January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia, and John Doe 1 for failing to protect him, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment.

The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison in Coalinga, California.

On February 6, 2014, the Court granted Plaintiff's motion to compel filed on August 16, 2013 ("first motion to compel"), and it ordered Defendants to serve supplemental responses to the six discovery requests at issue. (Doc. 67.) The parties were ordered to meet and confer if a dispute arose regarding the supplemental responses, and the parties were directed to file status reports if, after meeting and conferring, they were unable to resolve the dispute. (*Id.*)

The Court also ordered the parties to meet and confer in an effort to resolve the thirteen discovery requests at issue in Plaintiff's second motion to compel filed on October 4, 2013 ("second motion to compel"). (*Id.*) If the parties were unable to resolve those disputes, Defendants were directed to file an opposition to Plaintiff's motion.[1] (*Id.*)

On April 3, 2014, Defendants filed an opposition to Plaintiff's second motion to compel, thereby signaling that the parties did not succeed in resolving their disputes when they met and conferred in compliance with the Court's order. (Doc. 69.) Plaintiff filed a reply on April 28, 2014, and his second motion to compel has been submitted upon the record without oral argument. (Doc. 72.) Local Rule 230(*l*).

On May 14, 2014, Plaintiff filed a status report and on May 19, 2014, Defendants filed a status report, signaling that the parties were also unsuccessful in resolving their disputes over Defendants' supplemental responses, served in compliance with the Court's order. (Docs. 74, 75.) Following his receipt of Defendants' status report, Plaintiff filed a supplemental status report.[2] (Doc. 77.)

///
///
///

---

[1] The opposition filed by Defendants on October 25, 2013, addressed only the issue of timeliness under the scheduling order, and in the order of February 6, 2014, the Court found the motion to compel to be timely filed. (Docs. 59, 67.)

[2] The Court's order did not provide for any further briefing beyond one status report from each side and Plaintiff failed to seek leave to file additional briefing, but the Court will make an exception and consider his supplemental status report for the purpose of bringing final resolution to Plaintiff's first and second motions to compel.

## II. Discussion

### A. First Motion to Compel – Dispute Over Supplemental Responses

On February 6, 2014, the Court granted Plaintiff's first motion to compel, filed on August 16, 2013, and ordered Defendants Sedwick and Garcia to serve supplemental responses as to six discovery requests: four interrogatories ("ROGs") and two document production requests ("PODs"). Plaintiff was dissatisfied with the supplemental responses and, in compliance with the order of February 6, 2014, he sent Defendants' counsel a letter. The parties subsequently met and conferred twice by telephone, but they were unable to resolve the disputes.[3] For the reasons that follow, the Court finds that Defendants Sedwick and Garcia's supplemental responses are sufficient and Plaintiff's request for an order requiring further responses is denied.

#### 1. Sedwick ROG 5 and Garcia ROG 6

##### a. Prior Ruling

**Sedwick ROG 5:** "Please state the name, affiliation, and title of the officer who was charged with escorting inmate T. Smedley, CDCR No. G-34976, to Charlie Facilities [sic] Building 5, cell number 214, at Pleasant Valley State Prison, on March 18, 2009, at approximately 7:30 p.m." (Doc. 47, Motion, 17:18-21.)

**Response:** "After a reasonable inquiry, Responding Party does not know." (*Id.*, 17:22-23.)

**Garcia ROG 6:** "Please state the name, affiliation, and title of the officer who was charged with escorting inmate T. Smedley, CDCR No. G-34976 to Charlie Facilities [sic] Building 5, cell number 214, at Pleasant Valley State Prison." (*Id.*, 23:16-19.)

**Response:** "After a reasonable inquiry, Responding Party does not know." (*Id.*, 23:20-21.)

**Ruling:** Plaintiff is attempting to obtain information regarding the identity of Defendant John Doe 1. The information is relevant and discoverable, and

---

[3] The Court notes Plaintiff's dissatisfaction with the meet and confer process, as set forth in his status report and supplemental status report. (Doc. 74, Pl. Stat. Rpt., 3:2-4:10; Doc. 77, Pl. Supp. Stat. Rpt., 2:9-21.) However, Plaintiff's complaints do not entitle him to any redress. First, the parties complied with the procedural terms of the Court's order, and nothing further was required.

Second, Plaintiff's assertions regarding what he perceives as improprieties lack merit. For example, Plaintiff was not entitled to any formal written notice prior to the first telephonic meeting, as he suggests, and he was not entitled to know the name of the staff member who was supposed to have given him advance notice of the telephonic meeting but apparently failed to do so. (Pl. Stat. Rpt., 3:16-21; Pl. Supp. Stat. Rpt., 2:9-21.) Certainly implicit in the terms of the order was the requirement that the parties participate in a meaningful discovery conference, which necessarily required some advance notice to allow Plaintiff to prepare himself, but the second telephonic meeting met that requirement. That counsel may have expressed reluctance over having to schedule a second meeting is immaterial, because a second telephonic meeting, for which Plaintiff was satisfactorily prepared, occurred.

Defendants do not argue otherwise. Fed. R. Civ. P. 26(b)(1). Defendants contend, however, that they cannot be expected to remember the identity of the officer conducting an escort on a specific date more than four years ago and that they responded to the best of their ability. (Doc. 54, Opp., 2:19-23 & 3:15-18.)

Defendants are required to make a reasonable inquiry; they may not rely merely on their memory of events. *Gorrell*, 292 F.R.D. at 632; *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2. *Although Defendants stated they made a reasonable inquiry in their discovery responses, given the possible existence of documentary evidence regarding the cell assignment, identified by Defendant Sedwick as a CDC 154 in response to ROG 4, and their unpersuasive argument in opposition to Plaintiff's motion to compel leave, the Court lacks the requisite assurance that Defendants in fact made a reasonable inquiry.* Defendants are ordered to serve supplemental responses to ROGs 5 and 6. The supplemental responses must be sufficient to demonstrate that a reasonable inquiry was made, given Plaintiff's contention that a document containing this information exists. *E.g.*, *Anderson v. Hansen*, No. 1:09-cv-01924, 2012 WL 4049979, at *4 (E.D. Cal. Sep. 13, 2012); *Gorrell*, 292 F.R.D. at 632.

(Doc. 67, Order, 7:13-8:9 (emphasis added).)

### b. Ruling on Dispute Over Supplemental Responses

#### 1) Supplemental Responses

**Response to Sedwick ROG 5 and Garcia ROG 6:** "Responding Party still does not know after conducting a reasonable inquiry, explained as follows: A GA 154 ("Inmate Transfer Form") is a form that documents when an inmate is moved from his cell and placed in a different cell in a different building or different facility. The form documents the old and new cell assignments, it is signed and dated by the sergeant or lieutenant assigned to the building the inmate is leaving, and it is stamped by the Central Control to show that the new cell assignment has been approved. The name of the officer who escorts the inmate is not on the GA 154. Responding Party asked the Pleasant Valley State Prison litigation coordinator for a copy of the GA 154 that documented inmate Smedley (G-34976) getting moved into cell 214 on C Facility, Building 5 on March 18, 2009. The litigation coordinator looked for the GA 154 in all of the buildings that would normally keep a copy of it. None of the buildings had a copy of the GA 154 that documented Smedley getting moved into Plaintiff's cell on March 18, 2009. GA 154s are retained by the prison for one year before they are discarded.

Plaintiff may be able to determine who escorted Inmate Smedley to his cell on March 18, 2009, by reading the names of the Search and Escort (S&E) Officers listed on the PPAS/Custody Sign-in/Out Sheets as being on duty in C Facility that day. The March 18, 2009, C Facility PPAS/Custody Sign-in/Out sheets were produced to Plaintiff in Attachment 4 to Defendant Carlson's Response to Plaintiff's Request for Production of Documents, Set One. Responding Part[ies] reviewed this document and it did not assist [them] in responding to [interrogatories no. 5 and no. 6]."

(Pl. Stat. Rpt., 24:4-21 & 30:4-21.)

///

///

**2)     Ruling**

As an initial matter, during their discovery conference, Plaintiff asked for the form GA 154 retention schedule and Defendants state they provided it with Defendant Garcia's second supplemental response to Plaintiff's request for the production of documents. (Doc. 75, Def. Stat. Rpt., 3:23-25.) Plaintiff contends, however, that the retention schedule was not included with Defendant Garcia's second supplemental POD response. (Doc. 77, Supp. Stat. Rpt., 4:7-17.) Defendants shall, within fifteen days, ensure Plaintiff is served by mail with a copy of the GA 154 retention schedule.

Other than the retention schedule that was promised to Plaintiff, Plaintiff is not entitled to any further response. In their supplemental responses, Defendants Sedwick and Garcia informed Plaintiff, under penalty of perjury, that after conducting a reasonable inquiry, they do not know who escorted inmate Smedley to cell number 214 on March 18, 2009. In support their supplemental response, Defendants informed Plaintiff that (1) GA 154 forms do not contain the names of the escorting officers, (2) they were unable to locate a GA 154 form documenting inmate Smedley's move into cell 214 on C Facility, Building 5, on March 18, 2009, and (3) GA 154 forms are retained for one year before they are discarded. Defendant's supplemental response is clearly sufficient under the Federal Rules of Civil Procedure and it addressed the concerns identified by the Court when it granted Plaintiff's motion to compel a supplemental response. Fed. R. Civ. P. 11(b), 26(g)(1), 33; *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007).

While the Court recognizes that Plaintiff is disinclined to trust the supplemental responses and the representations made by Defendants' counsel during the telephonic discovery conferences, he is in a position no different than any other civil litigant: in the absence of deficiencies such as those addressed in the prior order or of actual evidence of discovery abuse, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially sufficient, and Plaintiff is entitled neither to continue demanding additional and different evidence in support of discovery responses

already provided nor to expand the scope of discovery beyond that sought in the initial discovery request.  Fed. R. Civ. P. 11(b), 26(g)(1), 33; *Gorrell*, 292 F.R.D. at 632; *L.H.*, 2007 WL 2781132, at *2.

As Plaintiff was informed by counsel, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are any signed filings presented to the Court, Fed. R. Civ. P. 11(b).  *See also* Fed. R. Civ. P. 33(c).  (Pl. Stat. Rpt., 4:24-26.)  Further, as counsel is aware, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff.  Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

In conclusion, ROGs 5 and 6 sought the identity of the officer who escorted inmate Smedley.  Defendants Sedwick and Garcia stated they do not know and they supported their supplemental responses with sufficient detail to demonstrate they made a reasonable inquiry.  Fed. R. Civ. P. 33(b)(3); *Gorrell*, 292 F.R.D. at 632; *L.H.*, 2007 WL 2781132, at *2.  Furthermore, Defendants provided the document they state may contain the information sought by Plaintiff.  Plaintiff must accept the answer provided, and his request for an order requiring further response is denied.[4]

---

[4] The Court declines to crawl through the minutiae of Plaintiff's arguments regarding insufficiency. The Court has reviewed the arguments, and in the context of the interrogatories, the operative court order, and the supplemental responses, the arguments lack merit. Based on Plaintiff's arguments, however, he is informed of the following information.

Plaintiff misunderstands Rule 33 and the reach of *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Invest. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) and *Govas v. Chalmers*, 956 F.2d 298, 302 (7th Cir. 1992). In addition to being non-binding, *Govas* articulated the principle that a party who knows or has access to an interrogatory answer cannot avoid answering the interrogatory by producing non-responsive documents, a principle which is inapposite here. (Pl. Stat. Rpt., 7:22-24.) Under Rule 33, a responding party *may* produce business records in response to an interrogatory; there is no requirement that a responding identify or produce documents relied upon in responding to an interrogatory, as Plaintiff argues. Fed. R. Civ. P. 33(d).

Furthermore, with respect to Plaintiff's citation to a declaration in another case, documents filed in other cases are of no assistance to Plaintiff, as the Court cannot take judicial notice of the truth of facts set forth in filings in other cases. Fed. R. Evid. 201; *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled in part on other grounds by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Finally, Plaintiff may not seek to expand the scope of his discovery request by demanding access to the prison's computer system. Defendants' responses to the interrogatories are legally sufficient and the inquiry ends. No civil litigant is entitled to springboard from what is a legally sufficient discovery response into all out fishing expedition. *See Calderon v. U.S. Dist. Court for the Northern District of California*, 98 F.3d 1102, 1106 (9th Cir.

### 2. Sedwick ROG 6, Garcia ROG 7, and Garcia PODs 1 and 7

#### a. Prior Ruling

**Sedwick ROG 6:** "Please list and identify each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1) that evidences, mentions, or refers to any of the facts set forth in Plaintiff Dana McMasters [sic] Complaint from March 7, 2009, to April 20, 2009." (Doc. 47, Motion, 17:24-27.)

**Response:** "Responding party is not aware of any documents." (*Id.*, 18:1-2.)

**Garcia ROG 7:** "Please list and identify each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1) that evidences, mentions, or refers to any of the facts set forth in Plaintiff Dana McMaster's Complaint from March 7, 2009, to April 20, 2009." (*Id.*, 23:22-25.)

**Response:** "Plaintiff's movement history; a CDC 114-D signed by Lieutenant Ybarra on 3/25/09; CDC 602-HC PVSP-27-09-12584, and the responses to it; a CDC 7219 for Plaintiff dated 3/18/09; a CDC 7219 for inmate Smedley (T-34976) dated 3/18/09; CDC 602 PVSP-C-09-00668, and the responses to it; a CDC 128B signed by Defendant Carlson on 3/26/09; a notice of unusual occurrence signed by Lieutenant Contreras on 3/18/09 with log or tracking number 3-03-09-0521; CDC 7362s submitted by Plaintiff on 3/29/09 and 4/17/09; an outpatient interdisciplinary progress note written by Dr. Rohrdanz on 4/21/09; and a compatibility chrono signed by Plaintiff and Smedley on 3/18/09." (*Id.*, 23:26-24:6.)

**Ruling:** Turning first to Sedwick ROG 6, Plaintiff argues that Sedwick's response is evasive and untruthful. In support of his motion, Plaintiff cites to Sedwick's response to interrogatory 4, in which she states that on March 18, 2009, an officer gave her paperwork for inmate Smedley's cell assignment, identified in the response as a CDC 154 form; and he submits a page from a log book signed by Sedwick. (Motion, 17:11-17; Reply, p. 14.) In response, Defendants argue that assuming the document concerns facts set forth in Plaintiff's complaint, Plaintiff is not prejudiced because he was made aware of the document in Sedwick's response to interrogatory 4. (Doc. 54, Opp., 3:1-7.)

Defendant Sedwick's response to this interrogatory is inadequate, and Defendants' argument that Plaintiff was not prejudiced by the omission is indefensible. Defendant Sedwick's response appears to be incomplete and/or evasive and she is ordered to serve a supplemental response.

With respect to Defendant Garcia, Plaintiff contends that Garcia did not list the Daily Activity Reports for the Charlie Facility Program Office, dated March 7, 2009, and March 23, 2009; the CDC 154 cell assignment slips for Plaintiff and inmate Smedley for March 2009; or the five log books for Charlie Facility from March 7, 2009, to March 23, 2009.

In light of Plaintiff's contention that additional documents exist which were not listed by Defendant Garcia, Garcia is ordered to serve a supplemental response to ROG 6. Defendants, as the parties resisting discovery, have the burden of demonstrating discovery should not be allowed and of clarifying, explaining, and supporting their objections. *Gorrell*, 292 F.R.D. at 632-33 (citations and quotation

---

1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.")

> marks omitted). Plaintiff has specifically identified documents he claims exist, and Defendant Garcia's response must adequately address that claim. *E.g.*, *Anderson*, 2012 WL 4049979, at *4.
>
> **Garcia POD 1:** "Any and all documents listed by you in your response to Plaintiff McMasters [sic] Set One Interrogatory Number 7. Including but not limited to the Charlie facility program office, third watch daily activity report, dated March 7, 2009." (Doc. 47, Motion, 27:23-26.)
>
> **Response:** "Attachment 1 includes all documents that Responding Party listed in her response to Plaintiff's Interrogatory 7, set one." (*Id.*, 28:1-3.)
>
> **Garcia POD 7:** "Any and all other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's Complaint." (*Id.*, 29:11-13.)
>
> **Response:** "Attachments 1 and 2 include all responsive documents that Responding Party has in her possession, custody or control." (*Id.*, 29:14-16.
>
> **Ruling:** In light of the Court's order requiring Defendants Sedwick and Garcia to serve supplemental responses to Plaintiff's interrogatories, Defendant Garcia is required to serve supplemental responses to PODs 1 and 7. Defendant Garcia is required to make a reasonable inquiry regarding the existence of responsive documents, Fed. R. Civ. P. 26(g)(1), and Garcia's responses must be sufficiently detailed to allow the Court to determine whether responsive documents and/or a videotape exist or if so, whether Defendant has possession, custody or control them, *e.g.*, *Holt v. Nicholas*, No. 1:09-cv-00800-AWI-SAB (PC), 2014 WL 250340, at *2-3 (E.D. Cal. Jan. 22, 2014); *Arroyo v. Adams*, No. 1:11-cv-01186-AWI-DLB (PC), 2014 WL 109494, at *9-10 (E.D. Cal. Jan. 10, 2014); *Noble v. Gonzalez*, 1:07-cv-01111-LJO-GSA-PC, 2013 WL 4517774, at *5 (E.D. Cal. Aug. 26, 2013). As previously stated, boilerplate objections, including lack of possession, custody, or control, do not suffice. *E.g.*, *Holt*, 2014 WL 250340, at *3; *Arroyo*, 2014 WL 109494, at *6; *Howard v. City of Ridgecrest*, No. 1:12-cv-01232-AWI-JLT, 2013 WL 6491482, at *2 (E.D. Cal. Dec. 10, 2013).

(Doc. 67, Order, 8:11-10:18.)

### b.  Ruling on Dispute Over Supplemental Responses

#### 1)  Supplemental Responses

**Response to Sedwick ROG 6 and Garcia ROG 7:** "The following documents may mention or refer to facts alleged in Plaintiff's complaint to have taken place between March 7, 2009, and April 20, 2009: Plaintiff's movement history; a CDC 114-D signed by Lieutenant Ybarra on 3/25/09; CDC 602-HC PVSP-27-0-12584, and the responses to it; a CDC 7219 for Plaintiff dated 3/18/09; a CDC 7219 for inmate Smedley (G-34976) dated 3/18/09; a notice of unusual occurrence signed by Lieutenant Contreras on 3/18/09 with log or tracking number 3-03-09-0521; CDC 7362s submitted by Plaintiff on 3/29/09 and 4/17/09; an outpatient interdisciplinary progress note written by Dr. Rohrdanz on 4/21/09; a compatibility chrono signed by Plaintiff and Smedley on 3/18/09; the Watch Commander's Daily Activity Reports for March 7, 2009, and March 18, 2009; Crime/Incident Reports (CDC 837, 837-A, 837-B, and 837-D); Inmate Transfer Forms (GA 154s); and Charlie Facility Building 5 log books from March 7, 2009, to March 23, 2009.

There are no Crime/Incident Reports in Plaintiff's central file reflecting incidents that took place between March 7, 2009, and April 20, 2009. As explained in Responding Party's Supplemental Response to Interrogatory No. 5, Pleasant Valley State Prison does not have any GA 154s for the relevant period. The Charlie Facility Building 5 program office does not create or keep a daily activity report."

**Response to Garcia POD 1:** "Responding Party already produced all of the documents listed in her response to Plaintiff's interrogatory 7, set one, in Attachment 1 to Responding Party's Response to Plaintiff's First Set of Requests for Production of Documents. The following documents were produced as Attachment 1 to Responding Party's Response to Plaintiff's First Set of Requests for Production of Documents: the CDC 114-D signed by Lieutenant Ybarra on March 25, 2009; inmate appeal PVSP-27-09-12584, and the responses to it; inmate appeal PVSP-C-09-00668, and the responses to it; the 128B signed by Defendant Carlson on March 26, 2009; a 7219 for inmate Smedley (G-34976) dated March 18, 2009; a 7219 for Plaintiff dated March 18, 2009; a notice of unusual occurrence signed by Lieutenant Contreras on March 18, 2009, with log or tracking number 3-03-09-0521; a 7362 filled out by Plaintiff and dated April 17, 2009; an outpatient interdisciplinary progress note written by Dr. Rohrdanz on April 21, 2009; a 7362 filled out by Plaintiff and dated March 29, 2009; and a compatibility chrono signed by Plaintiff and Smedley on March 18, 2009.

The following list of documents were additional documents listed in Responding Party's Supplement Response to Plaintiff's First Set of Interrogatories: the Watch Commander's Daily Activity Reports for March 7, 2009, and March 18, 2009; Crime/Incident Reports (CDC 837, 837-A, 837-B, and 837-D); Inmate Transfer Forms (GA 154s); and Charlie Facility Building 5 log books. Responding Party has conducted a thorough search for these documents with the assistance of Pleasant Valley State Prison personnel and determined the following:

The Watch Commander's Daily Activity Reports dated March 7, 2009, and March 18, 2009, have already been produced to Plaintiff in Attachment 2 to Defendant Carlson's Response to Plaintiff's Request for Production of Documents, Set One.

There are no Crime/Incident Reports at Pleasant Valley State Prison or in Plaintiff's central file involving Plaintiff between March 7, 2009, and April 20, 2009.

There are no GA 154s at Pleasant Valley State Prison documenting inmate Smedley being assigned to Plaintiff's cell in C Facility Building 5 on March 18, 2009. There are no GA 154s at Pleasant Valley State Prison documents Plaintiff or inmate Smedley getting moved to new cells during the times relevant to this lawsuit. They are retained by the prison for only one year before being discarded.

All of the C Facility Building 5 log books spanning March 7, 2009, to March 23, 2009, that Responding Party has been able to locate have already been produced to Plaintiff in Attachment 1 to Defendant Espitia's Response to Plaintiff's Request for Production of Documents, Set Two, and in Attachment 3 to Defendant Carlson's Response to Plaintiff's Request for Production of Documents, Set One."

**Response to Garcia POD 7:** "All documents that Responding Party is aware of that might relate to the allegations made in Plaintiff's Complaint and that are in existence have already been produced to Plaintiff either by Responding Party or by the other Defendants in this matter in response to Plaintiff's multiple requests for production of documents. There are no video recordings in existence showing inmate Smedley being escorted into or out of Plaintiff's cell on March 18, 2009.

9

There are no video recordings in existence showing Plaintiff being escorted out of his cell on March 18, 2009."

(Pl. Stat. Rpt., 25:2-18, 31:8-32:2, 37:9-38:15, and 38:23-39:4.)

### 2) **Ruling**

Defendants' supplemental responses to Sedwick ROG 6, Garcia ROG 7, and Garcia PODs 1 and 7 are legally sufficient and they address the concerns identified in the order of February 6, 2014.

Plaintiff is required to accept the response that there are no crime/incident reports or videotape footage responsive to Plaintiff's requests. To the extent that this evidence should exist and its absence is relevant to Plaintiff's claim of misconduct, as he suggests, he may address the issue at summary judgment via declaration or inquire into the issue at trial via the questioning of witnesses. Defendants represent that they conducted a search and located no responsive crime/incident reports or videotapes, and that ends the inquiry. Fed. R. Civ. P. 11(b), 26(g)(1)(B). Plaintiff's assertion that he is entitled to an explanation regarding Defendants' failure to follow established procedure relating to crime/incident reports has no merit. As previously stated, Plaintiff may not expand the scope of his original discovery requests nor may he demand new and/or additional evidence to support the responses provided.

Plaintiff is also required to accept Defendants' response that they have produced all of the log books responsive to Plaintiff's discovery requests. Defendants have informed Plaintiff that they will continue to search for responsive log books and they will produce any they locate. Fed. R. Civ. P. 26(e)(1).

To the extent that Plaintiff is seeking an order requiring Defendants to turn over the original log books for inspection and copying, his request lacks any legitimate basis.

In conclusion, Plaintiff's request for an order requiring further responses to Sedwick ROG 6, Garcia ROG 7, Garcia POD 1, and Garcia POD 7 is denied.

///

///

### B. Second Motion to Compel[5]

Despite meeting and conferring twice by telephone, the parties were unable to resolve the thirteen discovery disputes set forth in Plaintiff's second motion to compel. The Court has reviewed the motion, opposition, and reply, in conjunction with the status reports, and for the reasons that follow, Plaintiff's second motion to compel is denied in full.

#### 1. Carlson ROG 6 and Espitia ROG 6

**Carlson ROG 6:** "Please state the name, affiliation, and title of the officer who was charged with escorting Inmate T. Smedley CDCR No. G-34976 to Charlie facilities [sic] Building 5, cell number 214, at Pleasant Valley State Prison on Third Watch." (Doc. 58, 66:2-4.)

**Response:** "After a reasonable inquiry, Responding Party does not know." (*Id.*, 66:9.)

**Espitia ROG 6:** "Please state the name, affiliation, and title of the Officer who was charged with escorting Inmate T. Smedley, CDCR No. G-34976, to Charlie Facilities [sic] Building 5, cell number 214, at Pleasant Valley State Prison, on Third Watch." (Doc. 58, 74:8-10.)

**Response:** "After a reasonable inquiry, Responding Party does not know." (*Id.*, 74:15.)

Plaintiff's motion to compel a further response is denied. These same interrogatories were at issue in Plaintiff's first motion to compel but directed to Defendants Sedwick and Garcia. The Court was not initially persuaded by Defendants Sedwick and Garcia's argument in opposition to the first motion to compel that they cannot be expected to remember the identity of the officer conducting an escort on a specific date more than four years ago and that they responded to the best of their ability. In the order filed on February 6, 2014, Defendants Sedwick and Garcia were reminded that they are required to make a reasonable inquiry; they may not rely merely on their memory of events, *Gorrell*, 292 F.R.D. at 632; *L.H. v. Schwarzenegger*, 2007 WL 2781132, at *2, and the Court ruled that although Defendants stated they made a reasonable inquiry in their discovery responses, given the possible existence of documentary evidence regarding the cell assignment, identified by Defendant Sedwick as a CDC 154 in response to ROG 4, and their

---

[5] The Court's order of February 6, 2014, set forth the applicable legal standards in detail and they do not bear repeating in this order.

11

unpersuasive argument in opposition to Plaintiff's motion to compel, the Court lacked the requisite assurance that Defendants Sedwick and Garcia in fact made a reasonable inquiry.

At this juncture, however, that issue has been further addressed by virtue of the order granting Plaintiff's first motion to compel and ordering the parties to meet and confer in an effort to resolve their discovery disputes arising out of both motions to compel, and by the submission of status reports. The basis for Defendants Sedwick and Garcia's supplemental responses has been sufficiently explained and that basis applies equally to Defendants Carlson and Espitia's responses. Defendants Carlson and Espitia do not remember the escorting officer and based on the record as currently developed, the Court is satisfied that Defendants conducted a reasonable inquiry and their response is sufficient. Plaintiff is required to accept the answer given and his motion to compel a supplemental response is denied.[6]

### 2. **Espitia ROG 2**

**Espitia ROG 2:** "Please identify all positions and titles with corresponding dates of employment that you have held as an employee at Pleasant Valley State Prison. Describe your job responsibilities for each position and title." (Doc. 58, 72:6-8.)

**Response:** "I have been a Correctional Officer at Pleasant Valley State Prison for eight years and seven months. My job responsibilities as a Control Booth Officer have been produced as Attachment 1 to 'Defendant Espitia's Responses to Plaintiff McMaster's Requests for Production of Documents and Tangible Things, Set One.'" (*Id.*, 72:12-15.)

Plaintiff's motion to compel a further response is denied. The scope of discovery is broad but the information sought must be relevant. Fed. R. Civ. P. 26(b)(1). Plaintiff's claim arises from a limited period of time at Pleasant Valley State Prison (March and April 2009), and he has made no showing that Defendant Carlson's response, which addresses his job responsibilities as a control booth officer – the position Carlson occupied during the events at issue in this action – is incomplete. Plaintiff is not entitled to compel Defendant Carlson's entire employment history in the absence of a showing of relevance.

///

///

---

[6] Rule 26 does not permit a party to repeatedly seek the same information when it is clear that a reasonable inquiry has been conducted and the information is not known or has already been provided. Fed. R. Civ. P. 26(c)(2), (g)(1)(B). Such a tactic is unreasonable and unduly burdensome.

With respect to Plaintiff's argument that he seeks to know how long Defendant Espitia was working in building 5, the interrogatory as drafted does not seek that information. Plaintiff may not broaden the scope of his discovery request through a motion to compel.

### 3. **Espitia ROG 5**

**Espitia ROG 5:** "Please describe in as much detail as possible the complete circumstances surrounding your involvement in the incidents alleged in the operative complaint. Please include your explanation for not intervening and opening the cell door (Cell 214) in Building Five on March 18, 2009." (Doc. 58, 73:26-28.)

**Response:** "I was not on duty when inmate Smedley was moved into Plaintiff's cell on March 18, 2009." (*Id.*, 74:5-6.)

Plaintiff's motion to compel a further response is denied. In opposition to Plaintiff's motion, Defendant Espitia contends that his responses to ROG 1 and ROG 5 provide a complete response to ROG 5 and comprise everything he knows about the incidents. While the better practice would have been to ensure that the response to ROG 5 was complete in and of itself, no purpose is served now in requiring Defendant to cure this deficiency by serving a supplemental response to ROG 5, as Defendant has stated there is no further responsive information. Plaintiff is required to accept that answer. *Id.*

### 4. **Carlson POD 3, Set One**

**Carlson POD 3, set one:** "Copies of the CDC 154 cell assignment slips for Inmate D. McMaster CDCR No. K-92462 (dated March 7, 2009) and Inmate T. Smedley, CDCR No. G-34976 (dated March 18, 2009) and Inmate McMaster CDCR No. K-92462 (dated March 24, 2009)." (Doc. 58, 49:10-12.)

**Response:** "Responding Party has no responsive documents in his possession, custody, or control." (*Id.*, 49:14.)

Plaintiff's motion to compel a further response is denied. As previously discussed, Defendants searched and were unable to locate any responsive GA 154 slips. Plaintiff is required to accept that answer.

### 5. **Carslon PODs 4, 7, and 8, Set One, and Espitia POD 2, Set One, and POD 4, Set Two: Log Books**

**Carlson POD 4, set one:** "Copies of Charlie facility Building five log books from March 7, 2009, to March 23, 2009." (Doc. 58, 49:16-17.)

**Response:** "Attachment 3 includes all responsive documents in Responding Party's possession, custody, or control." (*Id.*, 49:19-20.)

13

**Carlson POD 7, set one:** "A copy of Charlie facility, Program office log in Book (log book) for the date of March 18, 2009, Third Watch." (Doc. 58, 50:9-10.)

**Response:** "Without waiving [the aforementioned] objections, Responding Party has no responsive documents in his possession, custody, or control." (*Id.*, 50:14-15.)

**Carlson POD 8, set one:** "A copy of Delta facility, Building 4, log in Book (dated April 20, 2009." (Doc. 58, 50:17.)

**Response:** "Attachment 5 includes all responsive documents in Responding Party's possession, custody, or control." (*Id.*, 51:2-3.)

**Espitia POD 2, set one:** "Copies of Charlie Facilities [sic] building Five Log Books from March 7, 2009, to March 23, 2009." (Doc. 58, 35:2-3.)

**Response:** "Attachment 2 includes all responsive documents in Responding Party's possession, custody, or control." (*Id.*, 35:5-6.)

**Espitia POD 4, set two:** "Permit plaintiff Dana McMaster to inspect and copy Pleasant Valley State Prison, Charlie facilities [sic] Building 5 log book for the month of March 2009." (Doc. 58, 78:24-25.)

**Response:** "Attachment 1 includes all responsive documents in Responding Party's possession, custody, or control." (*Id.*, 78:27-28.)

Plaintiff's motion to compel a further response is denied. As previously discussed, Defendants have already provided all the responsive log book sections they were able to locate, and during the parties' telephonic conference, Defendants agreed to continue attempting to locate additional log books, which will be produced. Plaintiff is required to accept that answer.

With respect to what the Court construes as a request by Plaintiff for the production of the physical log books for inspection, Defendants produced copies, as is permissible. Fed. R. Civ. P. 34(b)(2)(e)(i). Plaintiff has identified no legitimate ground which necessitates production of the physical log books for inspection; Plaintiff's mere desire to do so does not suffice.

### 6. **Espitia POD 6, Set One, and Carlson, POD 3, Set One: Videos**

**Espitia POD 3, set one:** "Any and all of Charlie Facilities [sic], Building Five Third Watch Video Recordings of Inmate Smedley being escorted to buildings [sic] five, the alarm response and the escorting of inmates Smedley and McMaster." (Doc. 58, 35:8-10.)

**Response:** "There are no responsive video recordings." (*Id.*, 35:12.)

**Carlson POD 6, set one:** "Any and all of Charlie facilities third watch video recordings that depict inmate T. Smedley being escorted to building five, the alarm

14

response, and the escort of inmates T. Smedley and D. McMaster (dated March 18, 2009)." (Doc. 58, 50:2-4.)

**Response:** "Responding party conducted a reasonable search and found that there are no responsive video recordings." (*Id.*, 50:6-7.)

Plaintiff's motion to compel a further response is denied. As previously addressed, Defendants conducted a search and there are no video recordings to produce. Plaintiff is required to accept that answer.

### 7. Espitia POD 5, Set Two

**Espitia POD 5, set two:** "Permit plaintiff Dana McMaster to inspect and copy Pleasant Valley State Prisons [sic], Charlie Facility, Building fives [sic] Duty Roster for the Month of March 2009. Plaintiff requests that he be allowed to make these inspections on the third or Fourth of August 2013." (Doc. 58, 79:2-5.)

**Response:** "Responding Party objects to this request on the grounds that it is vague and ambiguous as to the term 'Duty Roster,' overly broad, and unduly burdensome." (*Id.*, 79:7-8.)

Plaintiff's motion to compel is denied. The Court does not find this request to be vague, ambiguous, or unduly burdensome, and Defendants were placed on notice regarding the use of boilerplate objections in the order filed on February 6, 2014. However, that order was issued *after* Defendants served the discovery responses at issue in Plaintiff's second motion to compel, and furthermore, while Defendant Espitia's initial response to this request fell short, Defendants subsequently represented in their status report that they found documents responsive to POD 5 and the produced them. (Doc. 75, Def. Stat. Rpt., 12:9-11.) In as much as Defendants have produced all the responsive documents they located, Plaintiff is not entitled to an order compelling a further response. (*Id.*, 13:1-7.)

## C. Motion for Leave to Amend First Motion to Compel

On April 18, 2014, Plaintiff filed a motion seeking leave to amend his first motion to compel as to Defendant Sedwick's responses to ROGs 2, 5, and 6, Defendant Garcia's responses to ROGs 2, 6, and 7, and Defendant Garcia's responses to PODs 1 and 7, set one, and Plaintiff submitted an amended motion to compel. (Docs. 70, 71.)

15

The discovery deadline has expired, with the exception of the discovery at issue in Plaintiff's first and second motions to compel.[7] (Doc. 67, Order, 10:20-11:13.) Plaintiff's first motion to compel supplemental responses to Sedwick ROGs 5 and 6, Garcia ROGs 6 and 7, and Garcia PODs 1 and 7, set one, was carefully considered and granted on February 6, 2014. Those supplemental responses have been given thorough consideration and they are legally sufficient. Plaintiff may not now amend his first motion to compel to take a third run at Sedwick ROGs 5 and 6, Garcia ROGs 6 and 7, and Garcia PODs 1 and 7 nor may he amend his first motion to compel to add new disputes with respect to Sedwick ROG 2 and Garcia ROG 2. There is simply no good cause to allow Plaintiff to do so, Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered. . . .") (internal quotation marks and citation omitted), and parties are entitled to protection from unreasonable, unduly burdensome discovery, Fed. R. Civ. P. 26(c), (g)(1)(B).

Plaintiff's motion for leave to amend his first motion to compel is denied and his amended motion to compel is stricken.

### III. Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Within **fifteen (15) days** from the date of service of this order, Defendants shall re-serve Plaintiff a copy of the GA 154 retention schedule and they shall file it with the Court;

2. Plaintiff's request for an order directing further responses to Sedwick ROG 5, Garcia ROG 6, Sedwick ROG 6, Garcia ROG 7, Garcia POD 1, and Garcia POD 7 is DENIED;

3. Plaintiff's second motion to compel, filed on October 4, 2013, is DENIED; and

///

///

---

[7] The deadline was also extended to permit the issuance of a subpoena duces tecum, should one be necessary following final resolution of Plaintiff's first and second motions to compel. (Doc. 67, Order, 11:10-13.) Given the denial of Plaintiff's request for an order requiring further supplemental responses relating to his first motion to compel and the denial of Plaintiff's second motion to compel, Plaintiff is not entitled to the issuance of a subpoena duces tecum. (*Id.*, 12:21-23.)

16

4. Plaintiff's motion for leave to amend his first motion to compel, filed on April 18, 2014, is DENIED, and his amended first motion to compel is STRICKEN from the record.

IT IS SO ORDERED.

Dated: **June 16, 2014**                           **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE