1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER, | Case No. 1:10-cv-01407-AWI-SKO (PC) |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND TO SUBSTITUTE S. PEASE FOR JOHN DOE 1, DENYING MOTION TO AMEND TO ADD CLAIMS, AND DEEMING SECOND AMENDED COMPLAINT AMENDED TO SUBSTITUTE S. PEASE FOR JOHN DOE 1 |
| v. | |
| M. E. SPEARMAN, et al., | |
| Defendants. | |
| | (Doc. 68) |
| _____/ | |

Plaintiff Dana McMaster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010.  This action is proceeding on Plaintiff's second amended complaint, filed January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia, and John Doe 1 for failing to protect him, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment. The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison in Coalinga, California.

On March 20, 2014, Plaintiff filed a motion seeking leave to file a third amended complaint to add new claims and to substitute S. Pease for John Doe 1.  Defendants did not file a response.

Pursuant to the scheduling order, the deadline to amend the pleadings was June 20, 2013. (Doc. 19.)  A scheduling order is not a frivolous piece of paper, idly entered, *Johnson v. Mammoth*

1  *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks and citation omitted), and

2  modification of the pretrial scheduling order requires a showing of good cause, Fed. R. Civ. P.

3  16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of

4  the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080,

5  1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).  "If the party seeking the modification

6  'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Id.*

7      With respect to Plaintiff's motion to amend to add retaliation claims against existing

8  parties, no good cause to permit this amendment is shown.  Fed. R. Civ. P. 16(b)(4).  However, the

9  record in this case as it relates to the resolution of Plaintiff's remaining discovery disputes,

10  addressed in a separate order issued concurrently with this order, supports a finding of good cause

11  to permit modification of the scheduling order to allow Plaintiff to substitute S. Pease for John

12  Doe 1.  *Id.*  Plaintiff has been diligent in his pursuit of the identity of John Doe 1 through

13  discovery, and the record supports his statement that on March 11, 2014, he finally received a

14  document from Defendants listing the search and escort officers for March 18, 2009.[1]  (Doc. 75,

15  Def. Stat. Rpt., 3:4-9 & 6:11-16.)  Accordingly, the Court HEREBY ORDERS as follows:

16      1.   Plaintiff's motion for leave to amend his complaint, filed on March 20, 2014, is

17          GRANTED IN PART and DENIED IN PART as follows:

18          a.   Plaintiff's motion to amend to substitute S. Pease for John Doe 1 is

19              GRANTED; and

20          b.   Plaintiff's motion to amend to add claims is DENIED; and

21      2.   Plaintiff's second amended complaint, filed on January 3, 2013, is DEEMED

22          amended to substitute S. Pease for John Doe 1.

23  IT IS SO ORDERED.

24  Dated:   **June 16, 2014**          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

25

26

27  _____

[1] Plaintiff also states that late February, he saw S. Pease at chow release and he recognized him as John Doe 1.  (Doc.
28  68, 3:5-10.)  When he received the document listing the search and escort officers, he was able to confirm Pease was
an escorting officer on March 18, 2009.  (*Id.*, 3:14-24.)