# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. E. SPEARMAN, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-01407-AWI-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING IN PART AND CONTINUING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(Docs. 65 and 97) |

Plaintiff Dana McMaster ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010. This action is proceeding on Plaintiff's second amended complaint, filed January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia,[1] and Pease[2] for failing to protect him, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment. The events giving rise to Plaintiff's federal constitutional claims occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison in Coalinga, California.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 5, 2014, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties

---

[1] Originally named as John Doe 2.

[2] Originally named as John Doe 1.

that any objections were to be filed within fifteen days.  Defendants Carlson, Garcia, Sedwick, and Espitia filed objections on September 19, 2014, and Plaintiffs filed a response on October 3, 2014. Local Rule 304(b), (d).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Defendants Carlson, Garcia, Sedwick, and Espitia's objection that the Magistrate Judge erred in finding there was a triable issue of fact regarding whether Defendant Espitia was on duty and in the control booth the day of the events in question has no merit.  Although Defendant Espitia submitted a declaration attesting he was not on duty on March 18, 2009, Plaintiff testified in his deposition that he had a conversation with Espitia during which Espitia admitted he was the control booth officer on duty that day, and Plaintiff also submitted his own declaration attesting as to that conversation.[3]  This clearly creates a triable issue of fact, and Defendants' argument that no rational trier of fact could accept Plaintiff's version of events as true is untenable.  E.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986); George v. Edholm, 752 F.3d 1206, 1214 (9th Cir. 2014); Bravo v. City of Santa Maria, 665 F.3d 1076, 1083 (9th Cir. 2011).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on September 5, 2014, is adopted in full;
2. Defendants Carlson, Garcia, Sedwick, and Espitia's motion for summary judgment, filed on November 14, 2013, is:
    a. DENIED as to Defendants Sedwick and Espitia's motion for summary judgment on Plaintiff's Eighth Amendment failure-to-protect claim;
    b. DENIED as to Defendants Sedwick and Espitia's motion for summary judgment on Plaintiff's Eighth Amendment failure-to-protect claim on the ground of qualified immunity;

---

[3] Plaintiff's testimony regarding the conversation was detailed and amounted to more than a bare assertion of Espitia's presence on the day in question.

    c. DENIED as to Defendant Carlson's motion for summary judgment on Plaintiff's First Amendment retaliation claim; and

    d. CONTINUED pursuant to Rule 56(d) as to Defendants Carlson and Garcia's motion for summary judgment on Plaintiff's Eighth Amendment failure-to-protect claim; and

 3. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: November 13, 2014      _____
                 SENIOR DISTRICT JUDGE

3