# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. E. SPEARMAN, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01407-AWI-SKO (PC)<br><br>**DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 93)<br><br>**Exhaustion Motion Filing Deadline: 02/13/2015**<br>**Deadline to Amend Pleadings: 04/15/2015**<br>**Discovery Deadline:  05/15/2015**<br>**Dispositive Motion Deadline: 07/15/2015** |

Plaintiff Dana McMaster, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010.[1]  This action is proceeding on Plaintiff's second amended complaint, filed January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia, and Pease for failing to protect him, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment. The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison in Coalinga, California.

On August 25, 2014, Defendant Pease filed an answer to Plaintiff's second amended complaint.  The following discovery and scheduling order is applicable to Defendant Pease and

---

[1] Local Rule 230(*l*) shall continue to apply to this case, pursuant to the Court's general practice in cases involving former prisoners.

Plaintiff as to Plaintiff's claim against Pease.[2]  Accordingly, pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

**Discovery Procedures:**

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135.  Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, and 250.4.

2. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served.  Boilerplate objections are disfavored and may be summarily overruled by the Court.  Responses to document requests shall include all documents within a party's possession, custody or control.  See Fed. R. Civ. P. 34(a)(1).  Documents are deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand.  Amendments to discovery responses served after the filing of and in response to a motion to compel are strongly disfavored, absent good faith.  The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

3. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court.  Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

4. If discovery disputes arise, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California.  A discovery motion that does not comply with applicable

---

[2] Prior discovery and scheduling orders applied to Defendants Carlson, Garcia, Sedwick, and Espitia.  (Docs. 19, 35.)

rules will be stricken and may result in imposition of sanctions. However, unless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve the dispute shall not apply. Voluntary compliance with this provision of Rules 26 and 37 is encouraged, and if the Court deems it appropriate in any given case, it will reimpose the good faith meet and confer requirement.

**Amendment to Pleadings:**

5. The deadline for amending the pleadings is April 15, 2015.

**Filing Deadlines:**

6. The deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is February 13, 2015.

7. The deadline for the completion of all discovery, including filing all motions to compel discovery, is May 15, 2015. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel.

8. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is July 15, 2015.

9. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.**

IT IS SO ORDERED.

Dated: **January 7, 2015**          /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE

3