# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER, | Case No. 1:10-cv-01407-AWI-SKO (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT PEASE'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND EXTENDING DISCOVERY DEADLINE SIXTY DAYS |
| v. | |
| M. E. SPEARMAN, et al., | |
| Defendants. | (Doc. 106) |

## I. **Background**

Plaintiff Dana McMaster ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010. This action is proceeding on Plaintiff's second amended complaint, filed January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia, and Pease ("Defendants") for failing to protect him, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment. The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison in Coalinga, California.

On May 14, 2015, Defendant Pease filed a motion seeking an order compelling Plaintiff's deposition, Fed. R. Civ. P. 37(a), and on May 15, 2015, the Court ordered Plaintiff to file a response within twenty-one days, Local Rule 230(*l*). Plaintiff subsequently sought and was granted two extensions of time to respond. Plaintiff's most recent extension of time expired on

October 8, 2015, and he did not file a response or otherwise contact the Court. Fed. R. Civ. P. 6(d).

## II.     Discussion and Order

On April 22, 2015, Defendant Pease served Plaintiff with a notice that his deposition was scheduled for May 7, 2015, at 1:30 p.m. in Sacramento, California, and that he was required to produce documents at the deposition. Fed. R. Civ. P. 30(b)(1), (2). However, Plaintiff failed to attend his deposition and he failed to contact counsel to notify her that he was unavailable. After waiting thirty minutes, counsel released the court reporter. Counsel thereafter contacted the litigation coordinator at Avenal State Prison and was informed that Plaintiff was a known transient prior to incarceration and he was fully released from custody rather than released on parole.

Defendant Pease is entitled to depose Plaintiff, within the parameters of the Federal Rules of Civil Procedure and orders of the Court. Fed. R. Civ. P. 30; Doc. 103, Disc. & Sched. Order. The Court finds that Defendant Pease met his initial burden as the party moving for relief. Fed. R. Civ. P. 37(a). Plaintiff failed to respond to the motion and accordingly, the Court HEREBY ORDERS as follows:

1. Defendant Pease's motion to compel Plaintiff's deposition, filed on May 14, 2015, is GRANTED;

2. Defendant Pease is granted a **sixty (60) day** extension of the discovery deadline to facilitate re-noticing Plaintiff's deposition and moving for further relief if necessary; and

3. Plaintiff is warned that if Defendant Pease re-notices the deposition, his failure to either appear for the deposition as scheduled or contact Defendants' counsel *in advance* of the deposition to communicate any issues with his ability to comply will result in the imposition of sanctions, up to and including dismissal of the action, with prejudice.

IT IS SO ORDERED.

Dated:   **October 19, 2015**                              **/s/ Sheila K. Oberto**

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28