# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER, | Case No. 1:10-cv-01407-AWI-SKO (PC) |
| Plaintiff, | SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS GARCIA AND CARLSON'S MOTION FOR SUMMARY ADJUDICATION ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST THEM BE GRANTED |
| v. | |
| M. E. SPEARMAN, et al., | |
| Defendants. | |
| | (Docs. 65, 97, 101, 104, and 105) |
| | OBJECTION DEADLINE: TWENTY DAYS<br>RESPONSE DEADLINE: TEN DAYS |

## I. Background

Plaintiff Dana McMaster, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010. This action is proceeding on Plaintiff's second amended complaint, filed on January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia, and Pease for failing to protect him, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment. The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison in Coalinga, California. Plaintiff alleges that after he sought protective custody status on March 7, 2009, following a threat against him, Defendants acted with deliberate indifference to a substantial risk of harm to his personal safety when they

housed a newly-arrived inmate with him on March 18, 2009, an act which almost immediately led to the inmate attacking Plaintiff. Plaintiff also alleges that Defendant Carlson subsequently retaliated against him in April 2009 for filing a grievance over the incident.

On September 5, 2014, the Court issued findings and recommendations addressing Defendants Garcia, Carlson, Sedwick, and Espitia's motion for summary judgment, which was filed on November 14, 2013. (Docs. 65, 97.) The Court recommended that the motion be denied as to the Eighth Amendment claims against Defendants Sedwick and Espitia and as to the First Amendment claim against Defendant Carlson, but that it be continued pursuant to Rule 56(d) as to the Eighth Amendment claims against Defendants Garcia and Carlson. Fed. R. Civ. P. 56(d). The recommended continuance was based on evidence in the record indicating that a specific document Plaintiff had long sought during discovery might have been electronically retained; and if the document existed, it might contain evidence either supporting or contradicting Plaintiff's claim against Garcia and Carlson. (Docs. 78, 82.)

On November 13, 2014, the findings and recommendations were adopted in full and on January 7, 2015, Defendants were ordered to serve the disputed document, a GA 154 form, on Plaintiff. On February 6, 2015, Defendants filed a response notifying the Court that after further investigation, they could not locate either the GA 154 form or the CDCR 135 form, the latter being the form used to record information relating to the transfer of inmates between institutions. (Doc. 105, Geringer Decl., ¶¶3, 8, 9.) Defendants explained that the information Plaintiff hoped to obtain from the GA 154 form − the name of the person(s) who authorized the cell placement - would not have been recorded on either a GA 154 form or a CDCR 135 form; the paper copies were only retained one year; and copies of the forms were not retained electronically prior to November 24, 2014. (*Id.*, ¶¶3-5.) Plaintiff did not respond, and the remaining discovery issue concerning the elusive GA 154 form has been resolved. Defendants cannot produce what does not exist; and they have explained why the form does not exist and that neither the GA 154 form nor the CDCR 135 form is used to document the information Plaintiff has long sought. Accordingly, Defendants Garcia and Carlson are entitled to resolution of their motion for summary adjudication on the Eighth Amendment claim against them.

2

**II.     Discussion**

    **A.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted),

*cert. denied*, 132 S.Ct. 1566 (2012). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B.  Summary of Plaintiff's Claims Against Garcia and Carlson[1]

This action arises from an incident on March 18, 2009, during which Plaintiff was attacked and injured by his new cellmate, Smedley. On March 7, 2009, Plaintiff had reported threats to his safety by an inmate named Dan, who was a shot caller for the skinheads; he sought protective custody ("PC") placement; and he was single-celled while waiting for transfer to administrative segregation ("ad-seg"). The threats to Plaintiff's safety originated from other inmates' discovery that he had an "R" suffix classification, which is a sex offense-related designation; and when Smedley was escorted to Plaintiff's cell, he protested the cell assignment based on his need to be separated from the other inmates on the mainline. Smedley was nevertheless placed in the cell and, having heard Plaintiff's protestations, immediately sought to know if Plaintiff was a "PC" inmate. Once Plaintiff finally responded that he did what he needed to do, Smedley attacked him with his own cane. Plaintiff called for help and Smedley stopped attacking him when Defendant Sedwick arrived at the cell.

In his amended complaint, Plaintiff alleges that Defendant Carlson, the third watch sergeant, was responsible for protecting inmates on his facility by confirming the "control cell feed status" of each inmate and alerting his shift employees. (Doc. 20, 2nd Amend. Comp., p. 5.) Plaintiff alleges that Defendant Garcia, a correctional officer, was responsible for housing assignments, ad-seg assignments, and escorts; and she was responsible for notifying supervisors of inmates who were assigned to "control feed cell status" for safety reasons. (*Id.*, p. 6.)

///

///

---

[1] A more detailed summary of the facts is set forth in the findings and recommendations filed on September 5, 2014. (Doc. 97.) In as much as this is a supplemental findings and recommendations, it is unnecessary to reproduce those facts here and the Court summarizes only the limited information necessary for clarity of the record.

### C.  Eighth Amendment Legal Standard

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833-34 (quotation marks omitted); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841 (quotations omitted); *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

### D.  Findings as to Subjective Element of Deliberate Indifference

The Court previously determined that there exist triable issues of fact regarding the objective element of Plaintiff's Eighth Amendment claim, and the narrow issue left for resolution is whether Defendants Garcia and Carlson are entitled to judgment on the subjective element of deliberate indifference. Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants Garcia and Carlson were aware of the substantial risk to his safety presented by Smedley, and second that there was no reasonable justification for exposing him to that risk. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013) (citing *Thomas*, 611 F.3d at 1150) (quotation marks omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk of inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Defendants present evidence in the form of their declarations that they did not assign Smedley to Plaintiff's cell on March 18, 2009, they did not escort Smedley to Plaintiff's cell, and they had no interaction with Smedley before he was put in Plaintiff's cell. (Doc. 65-8, Garcia Decl., ¶¶3-6 & Carlson Decl., ¶¶9-11.) Defendants' declarations suffice to meet their initial burden in moving for summary judgment by demonstrating their lack of involvement in assigning Smedley to Plaintiff's cell and their lack of knowledge regarding Smedley and the circumstances of his escort to Plaintiff's cell. The burden therefore shifts to Plaintiff to identify evidence that is sufficient to raise a dispute as to material issues of fact.

Plaintiff alleges that when he initially reported the threat to his safety on March 7, 2009, Defendant Garcia wanted to assign him to cell 143 in Building 3, but only the upper bunk was available and Plaintiff had a bad ankle and used a cane. He declined the cell and Defendant Garcia was upset. As a result, Plaintiff was placed in cell 214. Over the course of the next few days, staff came by the cell and told him that Defendants Garcia and Carlson wanted him to reconsider moving to cell 143. Plaintiff declined and asked why he could not go to ad-seg. He was told ad-seg was full but cell 143 had an "ad-seg pending" sign on the door. (2nd Amend. Comp., 10:27-28.)

After Plaintiff was attacked by Smedley on March 18, 2009, he saw Defendants Garcia and Carlson in the medical clinic. Defendant Garcia said, "OK, Mr. McMaster, *now* do you want to go to building 3-143U?" (2nd Amend. Comp., 12:22-23; Doc. 86, McMaster Decl., ¶19.) Plaintiff said he could not get up and down from the bunk. Defendant Garcia subsequently returned and told Plaintiff they could not find his lower bunk chrono and were putting him in the top bunk of cell 143. Plaintiff replied, "This wasn't the way to go about getting me out of the cell, Garcia." (2nd Amend. Comp., 12:27-28; McMaster Decl., ¶19.) Defendant Garcia left frustrated and made a comment "in deflection of [his] accusation." (2nd Amend. Comp., 12:27-13:1; McMaster Decl., ¶20.)

Defendant Carlson then arrived and questioned Plaintiff about what happened. Plaintiff asked, "You don't know?" and Carlson responded he had just arrived. (McMaster Depo., 34:22; McMaster Decl., ¶20.)

Plaintiff also testified in his deposition that Officer Jackson told him someone messed up and he responded that Defendants Garcia and Carlson intentionally slipped Smedley into his cell. (McMaster Depo., 33:24-34:5.) Plaintiff further testified that he assumes Defendant Garcia assigned Smedley to his cell. (*Id.*, 59:8-21.) However, Plaintiff conceded not knowing who assigned Smedley to his cell. (*Id.*, 34:6-10.)

The Court continued Defendants' motion for summary judgment to allow Plaintiff to obtain the cell transfer slip identifying those involved with the cell assignment, but the document does not exist and Plaintiff did not identify any other evidence raising a genuine issue of material fact as to Defendants Garcia and Carlson's knowledge of or involvement in the assignment of Smedley to Plaintiff's cell on March 18, 2009. Plaintiff's conclusion that they must have been involved is underpinned by nothing more than his own speculation, and mere speculation that they played some role and were possibly motivated by his previous refusal to take a different cell does not suffice to raise a triable issue of fact. *In re Oracle Corp.*, 627 F.3d at 387 (citation omitted). (McMaster Depo., 62:11-66:23.) In the absence of evidence that Defendants Garcia and Carlson knew of and disregarded the risk of harm to Plaintiff's safety posed by assigning Smedley to Plaintiff's cell on March 18, 2009, Defendants are entitled to judgment on the Eighth Amendment claim against them.[2] *Farmer*, 511 U.S. at 837-38; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040-41.

## III.     Recommendation

Based on the foregoing, the Court HEREBY SUPPLEMENTS the findings and recommendations filed on September 5, 2014, and RECOMMENDS that Defendants Garcia and Carlson's motion for summary adjudication on the Eighth Amendment claim against them be GRANTED.

---

[2] Based on this finding, the Court does not reach Defendants Garcia and Carlson's qualified immunity argument.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 20, 2015**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE