# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA MCMASTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. E. SPEARMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01407-AWI-SKO (PC)<br><br>**ORDER GRANTING DEFENDANT PEASE'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND EXTENDING DISCOVERY DEADLINE SIXTY DAYS**<br><br>**(Doc. 117)** |

## I. INTRODUCTION

Plaintiff, Dana McMaster, a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2010. This action is proceeding on Plaintiff's Second Amended Complaint, filed January 3, 2013, against Defendants Carlson, Garcia, Sedwick, Espitia, and Pease for failing to protect him, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment. The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison ("PVSP") in Coalinga, California.

Defendant Pease ("Defendant") previously filed a motion seeking to compel Plaintiff's appearance for deposition, which was granted.[1] (*See* Docs. 106, 113.) On December 18, 2015, Defendant filed a second motion to compel Plaintiff's appearance for deposition under to Rule 37(a) of the Federal Rules of Civil Procedure.[2] (Doc. 117.) When Plaintiff did not respond, on

---

[1] Plaintiff did not file an opposition to that motion despite receiving extensions of time to do so.

[2] The Federal Rules of Civil Procedure will be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

March 8, 2016, the Court ordered Plaintiff to file an opposition or statement of non-opposition within twenty-one days as required by Local Rule 230(*l*).  (Doc. 121.)  Plaintiff subsequently filed a statement of non-opposition (Docs. 122, 123), to which Defendant replied (Doc. 124).  The motion is deemed submitted.  L.R. 230(*l*).

## II. DISCUSSION & ANALYSIS

Defendant's motion demonstrates that on October 30, 2015, defense counsel noticed Plaintiff's deposition in Sacramento on November 17, 2015.  (Doc. 117-7, citing Hood Decl. ¶ 3, Ex. A.)  Defendant asserts that it was rescheduled at Plaintiff's request to December 15, 2015, and that Plaintiff called defense counsel on December 14, 2015, informing her that he would be unable to appear the following day because of issues with transportation, money, his job, and his probation status.  (*Id.*)

Plaintiff's declaration in support his statement of non-opposition states that since being paroled, he has been homeless at times and was homeless for the majority of 2015, but has generally been located around the Central Coast of California, in the area of Lompoc and Santa Barbara.  (Docs. 122, 123.)  In November, Plaintiff spoke to defense counsel and explained to her that he was homeless and had no money to make a trip to Sacramento for his deposition.  (*Id.*)  On several occasions Plaintiff requested that his deposition be conducted via video as allowed by Rule 30(b)(4), which defense counsel refused.  (*Id.*)  Plaintiff asserts that he has never refused to appear to be deposed; rather his finances and living situation have rendered him unable to do so.  (*Id.*)  Plaintiff also states that in October of 2015, while sleeping on the streets, his backpack and suitcase with all of his documents from this case were stolen, so he is unable to produce documents which Defendant requested in the notice of deposition.  (*Id.*)  Plaintiff requests copies of the discovery documents from Defendant and this Court.  (*Id.*)

### A. Defendant Pease is Entitled To Depose Plaintiff, But Must Make Reasonable Accommodations

Defendant Pease is entitled to depose Plaintiff, within the parameters of the Federal Rules of Civil Procedure and orders of the Court.  Fed. R. Civ. P. 30; *see also* (Doc. 103, D& S O).

//

1    While the Federal Rules of Civil Procedure do not specify the situs of a party's deposition,
2 in general, plaintiff may be deposed in the forum where he or she filed suit. The reason for this
3 requirement in most cases is that plaintiff selected the forum. *See In re Outsidewall Tire Litig.*,
4 267 FRD 466, 471(ED VA 2010), *ref* 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane
5 & Richard L. Marcus, Federal Practice & Procedure § 2112 ("Since plaintiff has selected the
6 forum, he or she will not be heard to complain about having to appear there for a deposition.")
7 (citing cases).

8    However, if a plaintiff has sued in a court distant from his home because the transactions in
9 question occurred in that district and a suit elsewhere would probably have been transferred to that
10 district, following the usual rule has been found less appropriate. *O'Hara v. U.S. Lines Co.,* 164 F.
11 Supp. 549 (S.D. N.Y. 1958). Further, if the plaintiff had no choice of forum, there appears to be
12 little reason to give weight to the selection of the forum where the facts indicate that another place
13 or manner for taking the deposition would be more just. *Kovalsky v. Avis Rent-A-Car, Inc.,* 48
14 F.R.D. 453, 454 (D.P.R. 1969); *Ellis Air Lines v. Bellanca Aircraft Corp*, 17 F.R.D. 395 (D. Del.
15 1955).

16    A plaintiff who does not reside in the district where the action was brought "must
17 persuasively demonstrate that requiring him to travel to the forum district for his deposition
18 would, for physical or financial reasons, be practically impossible, or that it would be otherwise
19 fundamentally unfair." *Outsidewall Tire Litig*., 267 FRD at 471, *see also Aerocrine AB v. Apieron
20 Inc.,* 267 FRD 105, 108 (D DE 2010).

21    Here, Plaintiff had no choice of forum -- he was required to file this action in the Fresno
22 Division of the United States District Court in the Eastern District of California because the events
23 he complains of took place at PVSP. If he had filed the action elsewhere, it would have been
24 transferred here. This weighs against requiring Plaintiff to travel to the forum of this action for his
25 deposition. Further, while there is a Sacramento Division of this Court, Plaintiff did not file his
26 case there and the distance between Fresno and Sacramento is not insignificant. Defense counsel
27 realized that Plaintiff was located in the Central California Coast area and acknowledged that
28 Plaintiff advised her that since being released on parole, he has variously been homeless, wears a

1  GPS monitoring device as a term of his parole, and is virtually penniless.  Given these facts,
2  Plaintiff's request to have his deposition conducted by video conference was not unreasonable.
3  Although the Court makes no finding that defense counsel acted in bad faith, the repeated noticing
4  of Plaintiff's deposition in Sacramento and the unwillingness to consider alternative arrangements,
5  appear to reflect that unfair advantage was being taken of Plaintiff's unfortunate living
6  circumstances and his naivety of civil procedure.

> Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

Further, depositions by video conference are regularly conducted in this type of case -- usually as a convenience to the defense.  The applicable Discovery and Scheduling Order states:

(Doc. 103, p. 2.)  Defense counsel's insistence that her practice is to only conduct depositions in-person and that Plaintiff must travel to Sacramento is not reasonable.  Given Plaintiff's particular circumstances, it is also unjust.  In sum, defense counsel did not make reasonable accommodations and her position and actions were not substantially justified to warrant ordering Plaintiff to pay $2,392.50 under Rule 37.

Plaintiff's request for his deposition to be conducted via video conference did, however, offer a reasonable accommodation.  Thus, Defendant may depose Plaintiff via video conference. Alternatively, if defense counsel insists on deposing Plaintiff in-person, she must either:  (1) make and bear the cost of travel arrangements with overnight accommodations for Plaintiff to travel to Sacramento or Fresno; or (2) at her expense, travel to and conduct the deposition in the city where Plaintiff currently resides -- Santa Barbara, California.  The parties must reach a mutually convenient date and time for any such deposition.

4

### B. Plaintiff Must Pay For Duplicate Copies Of Documents

In his opposition, Plaintiff requests a hearing pursuant to Local Rule 251 to "get documents plaintiff has already filed with the court as well as the prior discovery documents from the Defendants" so that he will be able to produce them at the deposition. (Doc. 122.)

It is true that Local Rule 251 provides for resolution of discovery disputes. However, Plaintiff has not met any of the requirements for setting such a hearing, and no such hearing is necessary for him to obtain copies of documents he has filed with the Court or that have previously been produced to him by any of the Defendants in this action which were stolen from him. However, Plaintiff must pay for copies of the documents that he seeks even though proceeding *in forma pauperis*. Plaintiff may obtain copies of any documents in this case at a cost of $0.50 per page and must submit a check in the exact amount payable to "Clerk, USDC." Plaintiff should contact defense counsel to make arrangements for purchasing copies of the documents he desires that he believes they are in possession of.

Further, if required, Plaintiff bears the burden of obtaining necessary clearance from his probation officer to attend his deposition in this matter. Plaintiff is also informed that he will bear the burden of traveling to the United States District Court in Fresno, California if and when this action is scheduled for trial. Plaintiff should plan accordingly because once scheduled, financial hardship and other such difficulties will likely not provide good cause to continue a trial date.

### III. ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. Defendant Pease's second motion to compel Plaintiff's deposition, filed on December 18, 2015, is **GRANTED in PART** as set forth herein;

2. Defendant Pease is granted a **sixty (60) day** extension of the discovery deadline to facilitate re-noticing Plaintiff's deposition and moving for further relief, if necessary;

3. Defendant Pease's request for reimbursement of expenses incurred for the costs associated with Plaintiff's failure to appear for his first and third depositions is DENIED;

4. Plaintiff's request for a discovery hearing and for copies of documents, found in his statement of non-opposition, is DENIED;

5. Both parties are directed to act in good faith to accomplish Defendant Pease's deposition of Plaintiff;

6. Defense counsel is cautioned that failure to make reasonable accommodations for Plaintiff's deposition will not be seen as good cause to further extend the discovery deadline;

7. Plaintiff is warned that if Defendant Pease re-notices his deposition in accordance with the directives in this order, Plaintiff's failure to appear will result in the imposition of sanctions, up to and including recommendation for Defendant Pease and all claims against him to be dismissed, with prejudice.

IT IS SO ORDERED.

Dated:   **June 1, 2016**                              /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE