# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA McMASTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NGUYEN, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01407-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND OBEY A COURT ORDER**<br><br>**(Docs. 138, 141)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff, Dana McMaster, is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Second Amended Complaint, filed January 3, 2013, against Defendants Sedwick, Espitia, and Pease of failure to protect Plaintiff, in violation of the Eighth Amendment, and against Defendant Carlson for retaliation, in violation of the First Amendment. The events giving rise to Plaintiff's claims allegedly occurred between March 7, 2009, and April 20, 2009, at Pleasant Valley State Prison in Coalinga, California.

On April 13, 2017, the Second Scheduling Order issued which scheduled this action for trial before District Judge Anthony W. Ishii, beginning on November 14, 2017. (Doc. 138.) That order required Plaintiff to file a pretrial statement on or before July 3, 2017. (*Id.*) Plaintiff failed to file a pretrial statement. Accordingly, on July 12, 2017, an order issued for Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed for failure to comply with the Second Scheduling Order and for failure to prosecute this action. (Doc. 141.) That

1

deadline has lapsed and Plaintiff has neither complied with the Second Scheduling Order, or with the July 12, 2017, order to show cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on

their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein, particularly since this case is now over seven years old.  Finally, a Court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Second Scheduling Order clearly stated:  "**Failure to comply with the provisions of this Order or the Local Rules may result in the imposition of sanctions up to and including dismissal of the action, or entry of default**."  (Doc. 138, p. 2 (emphasis in original).)  Further, the order to show cause which issued on July 12, 2017, cautioned that this action may be dismissed for Plaintiff's failure to comply with the Second Scheduling Order and gave Plaintiff opportunity to file his pretrial statement, a statement explaining his delay, or a voluntary dismissal.  (Doc. 141.)  Thus, Plaintiff had adequate warning that dismissal may result from his noncompliance with the Court's orders.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed with prejudice based on Plaintiff's failure to obey the Second Scheduling Order (Doc. 138).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 8, 2017**                       /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE